IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME JULIUS BROWN, SR . | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. ELH-12-3088 |
| STATE OF MARYLAND, et al. | * | |
| Defendants | | |
| | *** | |

# MEMORANDUM

On October 18, 2012, Jerome Julius Brown ("Brown"), a frequent self-represented litigator in this court who is now detained at the Arlington County Adult Detention Center in Arlington, Virginia, filed a "petition for writ of habeas corpus." He makes unspecified allegations of unlawful conduct involving a violation of the Fourth Amendment and references his arrest by the United States Marshal, a condominium rental agreement, and the scheduling of a hearing before United States Magistrate Judge Charles Day.[1] ECF No. 1. Attached documents consist of emails from and to state administrators concerning a purported warrant application to be issued by the Maryland Governor[2] and a paper which appears to give the genealogical history of a Prince George's County, Maryland property involving petitioner's family. The pleading has been construed as a 28 U.S.C. §

---

[1] A review of the court criminal docket fails to show any pending criminal cases filed against Brown in this court.

[2] Review of the Maryland court docket reveals an open warrant for petitioner on a failure to appear charge on counts of theft, unlawful taking of a motor vehicle, and the unauthorized removal of property. *See State v. Brown,* Criminal No. 6E00318051 (District Court for Prince George's County). *See ttp://casesearch.courts.state.md.us/inquiry/inquiryDetail.*

2241 petition for habeas corpus relief.[3]

This court has unsuccessfully attempted to determine the nature of the claims from a generous construction of the papers. Assuming plaintiff wishes to challenge the validity of his arrest and detention, Brown's remedy would be to file a 28 U.S.C. § 2241 action in the district where his custodian is located. *See United States v. Poole*, 531 F.3d 263, 270-71 (4th Cir. 2008); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004) (stating that "whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 496 (1973) (noting that §2241 petitions typically heard by court having jurisdiction over petitioner's custodian).

For the aforementioned reason, the action shall be dismissed by separate Order.


Date: November 2, 2012                       /s/
                                             Ellen L. Hollander
                                             United States District Judge

---

[3] The petition was not accompanied by the $5.00 habeas corpus filing fee or an indigency affidavit. In light of the dismissal of this action, Brown shall not be required to cure this deficiency.